UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAMES HAMILTON,**

   Movant,

v.                                                       No. 4:22-cv-0292-P
                                                         (No. 4:19-cr-0336-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of James Hamilton, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, including the record in the underlying criminal case styled "United States v. Marcus Ray Nelson, et al.," and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On November 14, 2019, Movant was named along with others in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 3. On November 18, 2019, appointed counsel entered an appearance on Movant's behalf. CR ECF No. 12. Movant initially entered a plea of not guilty. CR ECF No. 15.

On December 3, 2019, counsel filed a motion to withdraw (erroneously titled a motion for substitution), reflecting that Movant wanted a different attorney. CR ECF No. 35. On December 5, 2019, the Court heard the motion and determined that it should be denied. CR ECF No. 152. The gist of Movant's complaint was that counsel would not give him copies of documents produced by the Government. Counsel explained, and the Court confirmed, that inmates are not allowed to

possess such items. Counsel had delivered paper copies to the jail and told Movant he could study them in the law library. Movant refused to listen to counsel and apparently did not seek access to the law library. He wanted to quibble about how things are done differently in Missouri, where he had served state time. The Court admonished Movant that he had been assigned competent counsel and that he needed to work with him. *Id.*

On December 18, 2019, Movant entered a plea of guilty to the charge against him. CR ECF No. 46. Movant and his counsel signed a factual resume setting forth the offense, the penalty Movant faced—not less than five years or more than forty years' imprisonment, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 43. Movant and his counsel also signed a plea agreement with waiver of appeal, which also described the offense and the penalty Movant faced, along with the admonishment that the sentence would be wholly within the Court's discretion, that no one could predict with certainty the outcome of the Court's consideration of the guidelines, and that Movant would not be allowed to withdraw his plea if the sentence was higher than expected. CR ECF No. 44. The plea agreement recited that the plea was freely and voluntarily made by Movant and that no guarantees or promises had been made by anyone as to the sentence the Court might impose. *Id.*

At re-arraignment, Movant testified under oath that: he understood that he should never depend or rely on any promise or statement by anyone as to the penalty that would be assessed; other than the written plea agreement, no one had made any promise or assurance to induce him to plead guilty; all of the terms of his agreement to plead guilty were set forth in the plea agreement; he fully understood everything in the plea agreement and voluntarily entered into it; he had discussed the guidelines with counsel; he understood that he faced a sentence of five to forty years' imprisonment; he understood that if he received a sentence more severe than he expected, he would not be allowed to withdraw his plea; and, he had read and fully understood the factual resume and the facts stated in it were true and correct. CR ECF No. 154.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 36. CR ECF No. 80, ¶ 35. He received a two-level increase for importation, *id.* ¶ 36, and a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 42, 43. Based on a total offense level of 35 and a criminal history category of IV, Movant's guideline imprisonment range was 235 to 293 months. *Id.* ¶ 107. Movant filed objections, CR ECF No. 83, and the probation officer prepared an addendum to the PSR explaining why the objections were without merit. CR ECF No. 100.

On June 8, 2020, the Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 133. Despite having waived his right to do so, Movant appealed. CR ECF No. 132. The Court appointed another attorney to represent Movant on appeal. CR ECF Nos. 136, 140. His appellate attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The appeal was dismissed as frivolous. *United States v. Hamilton*, 832 F. App'x 903 (5th Cir. 2021).

## GROUNDS OF THE MOTION

Movant purports to raise four grounds, all predicated on ineffective assistance of counsel. ECF No. 1 at 4, 5, 7, 8[1] (all referencing Movant's memorandum of law). The memorandum, which is not signed, does not set forth separate grounds. ECF No. 2. The reply appears to acknowledge that the Government has correctly described three grounds and various sub-arguments. ECF No. 11. The Court discusses each below.

## STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can

---

[1] The page references are to "Page __ of __" assigned by the Court's electronic filing system and reflected at the top right portion of the document.

3

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must

4

be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of

reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant alleges that his trial counsel provided ineffective assistance in advising him that he would be sentenced to no more than 150 months if he pled guilty. ECF No. 2 at 5, 8, 13. The contention is wholly unsupported. The record, on the other hand, establishes that the plea was knowing, voluntary, and informed. Movant signed the plea agreement reflecting that no promises had been made to induce him to plead guilty. CR ECF No. 44. In addition, Movant testified under oath at re-arraignment that no one had made any promise or assurance to him of any kind to induce him to plead guilty. CR ECF No. 154 at 49. Unambiguous written plea agreements are entitled to a presumption of regularity and are accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitnesses to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v.*

*Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant is not entitled to a hearing here.

Movant additionally alleges that counsel was ineffective at the pre-plea stage by failing to provide Movant with discovery to review, failing to move for a thorough assessment of the drugs involved in the case, and failing to adequately support his request to withdraw. ECF No. 2 at 5–7, 10. The allegations are conclusory and fail to raise any constitutional issue. *Miller*, 200 F.3d at 282. Moreover, once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Cavitt*, 550 F.3d at 441. Here, Movant does not allege that he would have done anything differently.

Finally, Movant alleges that he received ineffective assistance during the sentencing phase. He says that counsel failed to adequately discuss the PSR, failed to file a motion pinpointing the time frame of his involvement in the conspiracy, failed to press his objections to the PSR at sentencing, and failed to challenge "the misinterpretation of [Movant's] base offense level." ECF No. 2 at 9–14. All of the allegations are conclusory and insufficient to state a constitutional ground. *Miller*, 200 F.3d at 282. Movant does not specify the "critical issues," "other questions," or "relevant objections" that he needed to discuss. *Id.* at 9. Counsel did object to the PSR for stating that the period of Movant's involvement in the conspiracy ended in July 2019 since he was arrested on June 12, 2019. CR ECF No 96 at 1. The allegation about the failure to challenge the "misinterpretation" of the base offense level makes no sense. In any event, counsel did object that Movant had no knowledge of drug purity and should not be held accountable for it. *Id.* at 1–2. The transcript of the sentencing hearing reflects that the Court was well-aware of Movant's objections to the PSR. CR ECF No. 149. Movant does not identify what further argument could have been made, much less how it would have affected the outcome.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **28th day** of **October 2022.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE